IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00295-CR

 

James Robert Vasquez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 32165-CR

 



supplemental ABATEMENT ORDER



 

In a December 15, 2010 order, we abated
this cause for an initial sixty-day period for the trial court to address alleged
errors and omissions in the reporter’s record.  These alleged errors and
omissions are set out in Appellant’s “motion for new trial, alternatively,
motion to require the court reporter to supplement reporter’s record”
(“Appellant’s motion”), which was filed on September 23, 2010.  We requested a
response from the State to Appellant’s motion, but one was not filed.

            The trial court issued
findings of fact and conclusions of law that are in a supplemental clerk’s record
filed on March 8, 2011.[1] 
Two of those findings state:

5.         Counsel for the Appellant and
Appellee are working together to determine whether inaccuracies exist in the
reporter’s record even though no reporter’s record exists at this time.

 

6.         Due to the fact that no
reporter’s record currently exists, it is impossible for counsel to agree
on any corrections without knowing what corrections, if any, exist.

 

[Emphases added.]

            The trial court’s findings
incorrectly state that no reporter’s record currently exists.  This Court filed
a reporter’s record (certified by Nancy Currie on August 14, 2010) in this
cause on August 23, 2010.  Presumably, a copy of the reporter’s record was
filed with the Navarro County District Clerk.  Appellant’s original counsel was
able to obtain a copy of the reporter’s record, as one was obviously used in
the preparation of Appellant’s motion, which details dozens of alleged
inaccuracies in the reporter’s record, and, for most of them, states how the
reporter’s record should accurately read.[2]

            It is the trial court’s duty
to settle disputes about the reporter’s record’s alleged inaccuracies.  See
Tex. R. App. P. 34.6(e)(2, 3). 
We thus will continue the abatement of this appeal for an additional sixty days.

To assist the trial court in carrying
out its duty to settle disputes about the reporter’s record’s alleged
inaccuracies, upon the issuance of this supplemental abatement order, the Clerk
of this Court shall forward to the trial court judge a copy of Appellant’s “motion
for new trial, alternatively, motion to require the court reporter to
supplement reporter’s record,” filed in this Court on September 23, 2010.

            Mr. Robert C. Dunn,
Appellant’s original counsel, has withdrawn, and new counsel has been appointed
for Appellant for this appeal.  Because Mr. Dunn appears to have special
knowledge about the alleged inaccuracies in the reporter’s record, the trial
court shall require Mr. Dunn to assist (formally or informally, as is
necessary) the parties and the trial court in resolving the alleged
inaccuracies.

We abate this appeal for the trial court
to hold one or more hearings:

(1)        to determine whether
inaccuracies exist in the reporter’s record, and if so, whether the parties can
agree to correct any of them without the court reporter’s recertification (Tex. R. App. P. 34.6(e)(1)); and

 

(2)        to settle the dispute if
inaccuracies exist in the reporter’s record and the parties cannot agree on
whether or how to correct any of them (Tex.
R. App. P. 34.6(e)(2)).

 

            While the appeal is abated,
the Court requests the trial court (or a party at the trial court’s direction)
to advise the Clerk of this Court in writing on a semi-monthly basis regarding
the status of this matter.

            Therefore, this appeal is
abated for an additional period of sixty days from the date of this order for
the trial court to determine the issues identified above.  The trial court has
discretion to schedule hearings during the abatement period as necessary.  All
hearings shall be attended by a certified court reporter, who shall prepare a
transcription of such hearings and file that transcription or those
transcriptions as a supplemental reporter’s record or records in this appeal.

            The trial court shall
prepare written findings of fact and conclusions of law with regard to the
issues identified in this abatement order.  The district clerk shall prepare a
supplemental clerk’s record containing such findings of fact and conclusions of
law as well as any pleadings, motions, responses, or objections filed with
regard to this matter and any orders signed by the trial court.

            The district clerk and the
court reporter shall file their supplemental records with the Clerk of this
Court within seventy-five (75) days after the date of this Order.  If the trial
court determines that additional time is required to resolve the issues
identified, the trial court (or a party at the trial court’s direction) shall
file a written request for additional time explaining the reason(s) and the
diligence that has been exercised in attempting to comply with the sixty-day
deadline established by this Order.

 

PER CURIAM

 

Before Chief
Justice Gray,

Justice
Davis, and

Justice
Scoggins

Appeal abated

Order issued
and filed April 6, 2011

Do not publish








 









[1] The findings state that the trial
court’s official court reporter was unable to use the computer disk that Nancy
Currie provided.

 





[2] It is not revealed what device was used
by Appellant’s original counsel as a basis for his asserted corrections to the
reporter’s record.  Given the specificity of the asserted corrections, we are
hopeful that the disputes about the reporter’s record’s alleged inaccuracies
can be settled by the parties and the trial court with the assistance of Appellant’s
original counsel.